**Local Bankruptcy Form 1015-1.1**
**Order Granting Motion for Joint Administration**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| BIGHORN RESTAURANTS, LLC; ) | Bankr. Case No. 23-11919-MER |
| SUMMIT RESTAURANT HOLDINGS, ) | Bankr. Case No. 23-11921-MER |
| LLC; EMPIRE RESTAURANTS, LLC; ) | Bankr. Case No. 23-11922-MER |
| HEARTLAND RESTAURANTS, LLC; ) | Bankr. Case No. 23-11924-MER |
| ATLANTIC STAR RESTAURANTS, LLC; ) | Bankr. Case No. 23-11925-MER |
| and SUMMIT RESTAURANT ) | Bankr. Case No. 23-11926-MER |
| DEVELOPMENT, LLC, ) | |
| ) | **(Jointly Administered under** |
| Debtors-in-Possession. ) | **Bankr. Case No. 23-11919-MER)** |
| ) | |
| ) | Chapter 11 |
| ) | |

**ORDER DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY
AND ENTRY OF RELATED RELIEF**

THIS MATTER comes before the Court on the *Motion for Order Directing Joint Administration of Related Chapter 11 Cases For Procedural Purposes Only and Entry of Related Relief* filed in In re Bighorn Restaurants, LLC, Bankr. Case No. 23-11919-MER, on May 4, 2023, by Debtors Bighorn Restaurants, LLC ("Bighorn"), Summit Restaurant Holdings, LLC ("Summit Holdings"), Empire Restaurants, LLC ("Empire"), Heartland Restaurants, LLC ("Heartland"), Atlantic Star Foods, LLC ("Atlantic Star"), and Summit Restaurant Development, LLC ("Summit Development") (collectively the "Debtors"), seeking to jointly administer the above-captioned cases pursuant to Fed. R. Bankr. P. 1015(b). The Court, having reviewed the files,

ORDERS that the *Motion for Order Directing Joint Administration Of Related Chapter 11 Cases For Procedural Purposes Only and Entry of Related Relief* is hereby GRANTED and the

above-captioned cases shall be jointly administered for procedural purposes only pursuant to Fed R. Bankr. P. 1015(b).

IT IS FURTHER ORDERED that the jointly administered cases are reassigned to the Judge to whom the lower-numbered case (the "lead case") was assigned. The above-captioned cases shall be assigned and/or reassigned to the Honorable Michael E. Romero, Bankruptcy Judge, and shall bear the initials MER following the case number. The Clerk shall adjust the assignment of cases accordingly.

IT IS FURTHER ORDERED that to effect joint administration, the following administrative procedures shall apply, but shall have no effect upon the substantive issues of the estate, either individually or collectively:

(1) All motions, pleadings, and other documents filed in the jointly administered case shall bear a combined caption which includes the full name and number of each specific case as in Official Form 416B, and must be filed, docketed and processed in the lead case, except for the following:

   (a) a motion which applies to fewer than all jointly administered debtors must clearly indicate in the caption and title to which debtor the motion applies, but must still be filed in the lead case;

   (b) all proofs of claim must be filed in the specific case to which they apply;

   (c) monthly financial reports must be filed in the specific case to which they apply; and

   (d) schedules, statements, lists, and other required documents in Fed. R. Bankr. P. 1002 and 1007, and any amendments thereto, must be filed in the specific case to which the schedules, statements, lists, and other required documents apply.

(2) The Debtors shall maintain adequate records regarding the assets of the respective

debtors' estates to protect the rights of joint creditors and separate creditors of these estates.

(3) The Clerk (or other designated party) shall provide notice of the joint administration of the above-captioned cases to all creditors and interested parties identified in each case.

(4) The Debtors shall maintain a combined, comprehensive service list of creditors for all motions, pleadings, and other documents filed in the jointly administered case.

DATED: _____, 2023.  BY THE COURT:

_____
United States Bankruptcy Judge